UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| BLAINE EDWARD WILLIAMS, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | No.: 2:14-cv-320-RLJ |
| v. ) | |
| ) | |
| COCKE COUNTY, TENNESSEE, ) | |
| COCKE COUNTY SHERIFF'S ) | |
| OFFICE, TOMMY LARGE, and ) | |
| SHERIFF ARMANDO FONTES, ) | |
| ) | |
| *Defendants*. ) | |

**MEMORANDUM AND ORDER**

The Court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, the plaintiff is allowed to proceed in this action without the prepayment of costs or fees or security therefor.

The Clerk is **DIRECTED** to send the plaintiff a service packet (a blank summons and USM 285 form) for defendants Tommy Large and Armando Fontes. For the following reasons, process shall not issue as to the remaining defendants.

The Cocke County Sheriff's Department is not a suable entity within the meaning of 42 U.S.C. § 1983 and it is **DISMISSED** from this action. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued

under § 1983); *see also De La Garza v. Kandiyohi Cnty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (neither a county jail nor a sheriff's department is a suable entity); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit").

With respect to Cocke County, Tennessee, a municipality may be liable under 42 U.S.C. § 1983 for constitutional violations which result from acts representing official policy of the governmental entity. *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989). *See also Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 694 (1978). "However, a municipality is not liable under § 1983 for an injury inflicted solely by its employees or agents; the doctrine of respondeat superior is inapplicable." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Thus, "municipalities may be held liable under § 1983 only for acts for which the municipality itself is actually responsible, that is, acts which the municipality has officially sanctioned or ordered." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) (internal quotation marks omitted).

Plaintiff does not allege that the violation of his rights was the result of any policy or custom on the part of Cocke County. Accordingly, Cocke County, Tennessee, is **DISMISSED** from this action.

The plaintiff is **ORDERED** to complete the service packets for defendants Tommy Large and Armando Fontes and return them to the Clerk's Office within twenty (20) days of the date of receipt of this Memorandum and Order. At that time the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for

2

service. Fed. R. Civ. P. 4. The plaintiff is forewarned that failure to return the completed service packets within the time required could jeopardize his prosecution of this action.

Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. Defendants' failure to timely respond to the complaint may result in entry of judgment by default against defendants.

Plaintiff is **ORDERED** to inform the Court in writing, and the defendants or their counsel of record, immediately of any address changes. Failure to provide a correct address to this Court within ten (10) days following any change of address may result in the dismissal of this action.

After he filed this action, plaintiff filed a motion for medical care. He subsequently filed a notice of change of address from the Cocke County Jail to the Jefferson County Jail. The motion for medical care [Doc. 4] is **DENIED WITHOUT PREJUDICE** as **MOOT**.

Because the plaintiff is an inmate in the Jefferson County Jail, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Jefferson County, Tennessee, and the county attorney for Jefferson County, Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

**E N T E R :**

                                                s/ Leon Jordan
                                       United States District Judge